**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| DONNIE L. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:07-CV-343 |
| ) | (2:02-CR-19) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on Petitioner/Defendant Donnie L. Johnson's Pro-se Motion Pursuant to Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, by a Person in Federal Custody, filed on October 1, 2008. For the reasons set forth below, the motion is **DENIED.** The Clerk is **ORDERED** to enter judgment dismissing this civil action with prejudice.

BACKGROUND

A one-count indictment was returned against Petitioner on March 21, 2002, for being a felon in possession of a firearm. Prior to his initial hearing, Johnson was incarcerated in the State of Alabama. An arrest warrant was issued. On June 23, 2004, Johnson filed a motion to dismiss the indictment based on a violation of the interstate detainer agreement. After the Government replied to the motion to dismiss, this Court, on July 30, 2004, denied Johnson's motion. On October 21, 2004, a superseding indictment was returned against Johnson. The

superseding indictment charged Johnson with being a felon in possession of a firearm, in violation of 18 U.S.C. section 922(g)(1), 924(a)(2), and 934(e)(1). Johnson pled not guilty to the superseding indictment.

Before the superseding indictment was filed, on September 13, 2004, Johnson filed a Motion to Suppress Evidence claiming that the stop and search of his vehicle was illegal. After numerous hearings, this Court denied Johnson's motion on November 19, 2004.

On November 16, 2004, the Government filed a notice of intent to use evidence under Rule 404(b) of Johnson's prior conviction for his illegal possession of a firearm on October 23, 2001, and the facts underlying the conviction, to prove Johnson's knowledge and absence of mistake or accident. Johnson objected and sought to exclude this evidence. This court held a hearing and ruled that the evidence was admissible to prove knowledge or absence of mistake.

On December 7, 2004, following a two-day jury trial, Petitioner was found guilty of Count I of the superseding indictment. At sentencing, this Court found that Johnson was a career criminal and sentenced Johnson to a term of imprisonment of 275 months.

Petitioner pursued an appeal with the Seventh Circuit, which affirmed his conviction and on May 25, 2006. *United States v. Johnson*, 181 Fed. Appx. 586 (7th Cir. 2006). On appeal, Petitioner raised only one issue: whether this Court erred in admitting evidence of other crimes under Federal Rule of Evidence 404(b).

Johnson opted not to seek certiorari. Well over a year later, on October 1, 2007, Petitioner initiated this pro se action seeking to vacate his conviction and sentence, citing multiple errors.

DISCUSSION

Facts

As established by the evidence at trial, the facts of this case are relatively simple. Donnie Johnson, a felon, was driving his van in Gary, Indiana when a police officer pulled his van over. The officer recognized Johnson as an individual for whom an arrest warrant had been issued. The officer returned to his squad car and observed the van rocking back and forth. It appeared to the officer that there was movement in the middle part of the van. After verifying that Johnson had an outstanding arrest warrant, the officer arrested Johnson and took an inventory of the van, discovering a loaded .22 caliber handgun underneath a white towel in rear of the vehicle.

Johnson did not testify at his trial. At the conclusion of all the evidence, this Court questioned Johnson about waiving his right to testify at trial. (Tr. Vol. 2, 369-372). The Court, after swearing Johnson in, had the following colloquy with Johnson.

> THE COURT: Mr. Johnson, do you understand that in this case you have a right to testify, if you so desire?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You do not have to testify. Do you understand that?

>THE DEFENDANT: Yes.
>
>THE COURT: If you do testify, do you understand that you would be subject to cross-examination?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Have you and your attorney talked about your right to testify and any strategy that you might have as to whether it would be beneficial or not beneficial to your testifying?
>
>THE DEFENDANT: Yes, we have.
>
>THE COURT: After talking to your attorney, do you have any questions regarding your right to testify or not to testify?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: Have you made a choice not to testify?
>
>THE DEFENDANT: Yes, I have.
>
>THE COURT: Did you make this choice knowingly and voluntarily?
>
>THE DEFENDANT: Yes, I have.
>
>THE COURT: And did anyone force you to do it?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: Are you satisfied with the counsel representation and advice given to you in this case by your attorney?
>
>THE DEFENDANT: Yes, I am.

(Tr. Vol. 2, 370-372).

Petitioner's motion asserts numerous claims. Johnson argues that he was denied effective assistance of counsel at the trial level because his counsel failed to ask for a reasonable continuance when he wife went into premature labor during trial.

Additionally, Johnson believes his trial counsel was ineffective for interfering in his right to testify, and also that he suffered a due process denial as a result of this interference. Furthermore, Johnson feels that he was denied his right to a jury trial and that his trial counsel was ineffective in failing to require that the jury find prior convictions beyond a reasonable doubt. Johnson asserts that he was denied due process, and that his counsel was ineffective at the trial and appellate level for failing to raise the issue of delay by the government in bringing Petitioner to trial. Johnson also complains that trial counsel was ineffective in "slipping in" a last minute witness right before trial: namely, Ishmell N. Garrett. Johnson further complains that his counsel was ineffective at both the trial and appellate level for failing to make any argument in regards to the IAD (referring to the interstate detainer agreement). Johnson argues that his counsel on appeal was ineffective for failing to appeal this Court's denial of a motion to suppress. Lastly, Johnson argues that he has newly discovered evidence that renders his conviction void, and that this Court lacked jurisdiction to hear and decide his case because congress failed to properly enact 18 U.S.C. section 3231.

Habeas Corpus Relief

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812 (7th Cir. 1996). In order to proceed on a habeas corpus

petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have

a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.,* 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Hains v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002)("pro se habeas petitioners are to be afforded' the benefit of any doubt'") (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 133 (10th Cir. 1999) (habeas petition from state court conviction)(alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guideline in mind.

Timeliness

Although neither party raises the issue, it appears from the record before this Court that the instant motion is untimely. 28 U.S.C. section 2255 provides that a 1-year period of limitation

applies, and under the allegations before this Court, runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). "[F]inality attaches for purposes of the one-year limitations period of § 2255, ¶(6)(A) when the Supreme Court affirms on the merits on direct review or denies certiorari, or the time for filing a certiorari petition expires." *Robinson v. U.S.*, 416 F.3d 645 (7th Cir. 2005)(citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." *Clay v. United States*, 537 U.S. 522 (2003)(citing Supreme Court Rule 13(3)).

The Seventh Circuit rejected Johnson's appeal on May 25, 2006, with the Seventh Circuit's mandate following on June 21, 2006. Thus, Johnson's deadline for filing a petition for writ of certiorari would have been August 23, 2006, and that is the date that Court of Appeal's order is deemed final for purposes of the instant 2255 petition. Accordingly, the 1-year period during which Petitioner could file a timely section 2255 motion ended on August 24, 2007. Petitioner did not file his section 2255 motion until well after this deadline (Johnson did not sign the petition until September 26, 2007, and it was received by the Clerk's Office and filed on October 1, 2007). Although this Court has the power to grant equitable extensions of the 1-year limitations period governing section 2255 motions, such exceptions are rare and exceptional. *See United States v. Marcello*, 212 F.3d 1005, 1010

(7th Cir. 2000); *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). Johnson has raised nothing that would indicate such an extension would be appropriate here. Indeed, even if Johnson mistakenly believed that the decision of the Seventh Circuit Court of Appeals did not become final until ninety days after the issuance of the mandate, his petition was filed even outside that time frame (if the rules were such, the petition would have been due on September 19, 2007). Accordingly, Johnson's 2255 petition must be denied as untimely. However, even if Johnson's claim were not untimely, it would fail, for the reasons explained below.

Ineffective Assistance of Counsel at Trial and Sentencing

With regards to his counsel's performance at the district court level, Petitioner asserts that his attorney rendered ineffective assist of counsel by: (1) failing to ask for a continuance when his wife went into premature labor mid-trial; (2) interfering in his right to testify; (3) failing to argue that the jury must find prior convictions beyond a reasonable doubt; (4) failure to challenge delay by the Government in bringing the petitioner to trial; (5) failure to challenge the "slipping in" of a last minute witness right before trial: namely, Ishmell N. Garrett; and (6) failing to make an argument regarding the IAD.

Attacks on the assistance of his trial counsel are arguably constitutional in nature because they affect Petitioner's Sixth Amendment right to the effective assistance of counsel. The Court will analyze them as such. As noted above, Petitioner is barred

from raising constitutional issues in his section 2255 motion that were not raised on direct appeal, unless he demonstrates either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese*, 75 F.3d at 1177.

Petitioner did not raise any of his current claims of ineffective assistance of trial counsel on direct appeal. However, even if Petitioner could demonstrate good cause (an issue this Court need not address), he cannot demonstrate that he was actually prejudiced - under either the prejudice prong of the first test in *McCleese*, or the prejudice prong of *Strickland* (see below). In other words, if Petitioner's claims of ineffective assistance of counsel have no merit: (1) Petitioner's failure to raise them during his direct appeal cannot have hurt him and he therefore cannot properly raise such claims for the first time in a section 2255 motion; and/or (2) Petitioner would not be entitled to relief under section 2255 due to his failure to establish constitutionally ineffective representation under *Strickland.*

Counsel in a criminal case must perform according to the standards of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). To demonstrate ineffective assistance of counsel under *Strickland*, a defendant must show that counsel's performance "'fell below the objective standard of reasonableness' and 'outside the wide range of

professionally competent assistance.'" *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993)(quoting *Strickland*, 466 U.S. at 690). When considering the performance prong, a court's "scrutiny of counsel's performance must be highly deferential," and the court "must indulge a strong presumption that counsel's conduct" was constitutionally adequate. *Strickland*, 466 U.S. at 689. Under the second prong, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court can resolve an ineffective assistance claim by deciding either *Strickland* prong against the defendant; the court need not consider the performance prong before the prejudice prong. Each of his arguments are considered below.

With regards to Petitioner's trial counsel's alleged failure to ask for a continuance when his wife went into premature labor mid-trial, Petitioner has made no demonstration of prejudice whatsoever. The record demonstrates that counsel vigorously represented Johnson. Johnson has not demonstrated that a continuance would have altered the result of the trial.

Johnson contends that his attorney improperly convinced him not to testify. During the trial, the Court specifically questioned Petitioner regarding whether he had personally decided not to testify. (Tr. Vol. 2, 369-372). The Court found that Petitioner was making a knowing and voluntary decision not to testify. Petitioner's claim that his attorney improperly convinced

him not to testify is thus contradicted by the record. He is bound by that testimony.[1] *See United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987). Furthermore, Johnson has given no indication what his testimony would have been or how it could possibly have affected the outcome, and he therefore cannot demonstrate prejudice.

Trial Counsel was not ineffective for failing to argue that the jury must find prior convictions beyond a reasonable doubt, because the law provides the contrary. *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)(holding that recidivism used to enhance a defendant's maximum penalty is not an element of the crime that must be charged in an indictment and found beyond a reasonable doubt by a jury but is instead a sentencing factor to be determined by the court); *Apprendi v. New Jersey*, 530 U.S. 466 (2000)(holding that increases beyond the statutory maximum for recidivism are exceptions to the rule that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be found beyond a reasonable doubt by a jury); *United States v. Henton*, 374 F.3d 467, 468-70 (7th Cir. 2004)(upholding enhanced sentences under the Armed Career Criminal Act based upon judicial findings of prior qualifying convictions); *United States v. Pulley*, 179 Fed. Appx. 973, 974 (7th Cir. 2006)(holding post-*Shepard* and post-*Booker* that Armed Career Criminal status subjecting the defendant to an

---

[1] To the extent that Johnson claims a due process violation, that claim would also fail because Johnson is bound by his testimony that he knowingly and voluntarily waived his right to testify.

enhanced sentence is determined by the court at sentencing - not the jury).

Johnson argues that his counsel was ineffective in failing to challenge delay by the government in bringing the petitioner to trial. Johnson, acting pro se, did challenge the delay in bringing Johnson to trial. Specifically, on July 30, 2004, Johnson moved to dismiss the indictment pursuant to an alleged violation of an interstate detainer agreement. That motion was denied after the Court found that the Government and the Court did not receive a written request from Johnson asking for the disposition of his case. Johnson served the Lake County, Indiana prosecutor rather than the U.S. Attorney's Office. Johnson has not and cannot demonstrate that his counsel filing a similar motion would have yielded a different result.

According to Johnson, the Government "slipped in" a last minute witness by the name of Ishmell N. Garrett, and his counsel was ineffective in failing to object to his testifying. The record, however, does not support Johnson's claim that Garrett was "slipped in" at the last minute. In fact, On November 24, 2004, 7 days before the trial began on December 2, 2004, the Government filed a notice of intention to introduce evidence of Johnson's possession of the firearm through the testimony of Garrett. On November 29, 2004, Johnson's counsel filed a Motion in Limine seeking to prohibit this testimony, which this Court denied. Because Johnson's allegation is factually inaccurate, it must fail.

In the end, whether assessing potential prejudice under the

*McCleese* or *Strickland* tests, the Court finds that each of Petitioner's claims that his counsel at the trial level was ineffective comes up short. The Court's conclusion that Petitioner cannot demonstrate prejudice under *Strickland* eliminates the need for the Court to analyze whether Petitioner's claims are also procedurally barred under the second test in *McCleese*. *Cf. McCleese*, 75 F.3d at 1177 (allowing review of claims if procedural bar "would lead to a fundamental miscarriage of justice"); *Howard v. Untied States*, 915 F. Supp. 329, 332 (S.D. Fla. 1995) (considering section 2255 petitioner's claim despite finding lack of cause and prejudice for procedural default); *see also Simpson v. Sparkman*, No. 97-6196, 1998 WL 869967, at *3 (6th Cir. Dec. 4, 1998)(noting that "the focus of this narrow and rare exception is on some showing of actual innocence by the defendant.").

<u>Ineffective Assistance of Counsel on Appeal</u>

An appellate lawyer cannot be deemed ineffective just because he or she did not raise every conceivable issue on appeal. *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989). Indeed, "[o]ne of the principal functions of appellate counsel is winnowing the potential claims so that the Court may focus on those with the best prospects." *Id.* The Supreme Court has stated that appellate counsel "need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

To succeed in showing that his appellate counsel was ineffective, Petitioner must meet the test set forth in *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Although the test was developed in the context of ineffective assistance of trial counsel, it is also used for claims of ineffective assistance of appellate counsel. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Therefore, counsel's performance must have been deficient, and the deficiency must have prejudiced the Petitioner. *Id.* In *Gray*, the Court stated that:

> [T]he district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

*Id.* at 646; *see also Kelly v. United States*, 29 F.3d 1107 (7th Cir. 1994), *overruled on other grounds by United States v. Ceballos*, 302 F.3d 679, 690 (7th Cir. 2002). As with effective assistance of trial counsel claims, strategic decisions will not be second-guessed. *Gray*, 800 F.2d at 646.

On appeal, Petitioner's counsel focused on one issue: whether this Court erred in admitting evidence of other crimes under Federal Rule of Evidence 404(b). Ultimately, he was not successful. *United States v. Johnson*, 181 Fed. Appx. 586 (7th Cir. 2006). Now, Johnson contends that his counsel should have argued undue delay in bringing him to trial violated the IAD.

Specifically, he contends that the interstate detainer agreement was violated by the Government when they failed to prosecute him within one hundred eighty (180) days of his request. These arguments would have failed on appeal for the same reason they failed in this Court initially - they lacked merit.[2]

Johnson also argues that his counsel on appeal was ineffective for failing to appeal this Court's denial of a motion to suppress. The Motion to Suppress lacked merit. (*See* Order dated November 19, 2004, explaining that the initial stop of Petitioner was supported by sufficient reasonable suspicion, and that impoundment and search of the vehicle was reasonable and pursuant to a valid policy).

This Court's review of the record reveals that the issues which Petitioner claims his appellate lawyer should have raised are not "clearly stronger" than the issue actually raised by appellate counsel - especially in light of this Court's analyses of those omitted claims. The failure to raise those claims on appeal did not likely prejudice Petitioner in any way. Accordingly, the Court concludes that Petitioner's appellate counsel did not render constitutionally deficient assistance. Thus, Petitioner cannot demonstrate prejudice arising from the appellate attorney's failure to raise the issues which Petitioner now seeks to pursue. Petitioner is thus procedurally barred from pursuing these issues in his section 2255 motion.

---

[2]For the same reason, Petitioner's claim of a due process violation due to counsel's failure to raise this issue must fail.

Newly Discovered Evidence

Johnson also argues that he has newly discovered evidence that renders his conviction void. The entirety of his supporting facts are as follows:

> Petitioner has discovered new evidence within the last year that should render his conviction void. It was discovered that when petitioner was exterdited [sic] from the state of Alabama to Indiana for trial in indiana [sic]... and the start of his sentence in the state of indiana [sic]... he was not re-served with the outstanding federal detainer .. Nor was he instructed by his custodians as to how he could request final disposition of carges [sic]..

This conclussory allegation is wholly unsupported. Petitioner does not even identify what the new evidence consists of, or how he reached this conclusion. Accordingly, the claim cannot succeed.

Lack of Subject Matter Jurisdiction

Johnson argues that this Court lacked jurisdiction to hear and decide his case because congress failed to properly enact 18 U.S.C. section 3231. 18 U.S.C. section 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. section 3231. The Seventh Circuit recently considered an argument similar to Johnson's in *United States v. Collins*, 510 F.3d 697 (7th Cir. 2007). Judge Posner, writing for the Court, states this:

> Collins's lawyer, Mr. Engin Derkunt of the

> Texas Bar, devotes his entire brief to arguing that Title 18-the federal criminal code-is unconstitutional because of supposed irregularities in its enactment. We recently described an appeal in which Derkunt made the same argument on behalf of another client as "unbelievably frivolous." *United States v. States*, 242 Fed.Appx. 362, 2001 WL 2768906 (7th Cir. 2007)(per curiam).

*Collins*, 510 F.3d at 698. Accordingly, this argument is without merit.


Johnson's Request for Hearing

An evidentiary hearing need not be held for every section 2255 motion. *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990). As stated in *Oliver v. United States*, "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." 961 F.2d 1339, 1343 n.5 (7th Cir. 1992). Because of his or her familiarity with the evidence presented at trial, the presiding judge is uniquely suited to determine whether a hearing on a section 2255 motion is necessary. *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989); *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992). This Court concludes that the record and history of this case demonstrates that Petitioner is not entitled to a hearing on his claims.

CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**. The Clerk is **ORDERED** to enter judgment dismissing this civil action with prejudice.

**DATED: September 30, 2008**         /s/RUDY LOZANO, Judge
                                       United States District Court