# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:02-CR-19 |
| ) | (2:16-CV-214) |
| DONNIE JOHNSON, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner, Donnie L. Johnson, on June 7, 2016 (DE #164). For the reasons set forth below, the motion is **DENIED.**

A motion to hold this case in abeyance, filed on June 7, 2016, is also before the Court (DE #166). For the reasons set forth below, the motion is **DENIED AS MOOT.**

Further, this Court declines to issue Defendant a certificate of appealability. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Donnie Johnson, #07966-027, Pekin FCI, Federal Correction Institution, Inmate Mail/Parcels, P.O. Box 5000, Pekin, IL 61555, or to such other more current address that may be on file for Donnie Johnson.

BACKGROUND

On December 7, 2004, a jury found Defendant guilty of possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). (DE #87.) At the sentencing hearing held before this Court on June 28, 2005, and over Defendant's objection, the Court determined that Defendant had four prior violent felony convictions that qualified him for the enhanced penalties of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (DE #115 at 64.) Therefore, the Court sentenced Defendant to 275 months imprisonment and 2 years of supervised release. (DE #115 at 72.) If the Defendant had not qualified as an Armed Career Criminal, his statutory maximum term of imprisonment would have been 120 months pursuant to 18 U.S.C. § 924(a)(2).

Defendant's qualifying Indiana convictions included the following: (1) a 1982 conviction for dealing LSD; (2) a 1984 conviction for burglary; (3) a 1989 conviction for criminal deviate conduct; and (4) a 1990 conviction for escape resulting in bodily injury. (DE #115 at 59-64.) Defendant appealed his conviction and the Seventh Circuit Court of Appeals affirmed. *United States v. Johnson*, 181 Fed. App. 586, 588-89 (7th Cir. 2006). Defendant filed a motion to vacate under section 2255, which was denied by this Court on September 30, 2008. (DE #141.) Defendant then filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255.

2

The Seventh Circuit ruled that because *Johnson v. United States*, 135 S. Ct. 2551 (2015), announced a new substantive rule of constitutional law, it has retroactive application. (DE #161 (citing *Price v. United States*, 795 F.3d 731 (7th Cir. 2015)). The Seventh Circuit Court of Appeals noted that Johnson's escape conviction may no longer qualify as a violent felony. Therefore, the Court granted Defendant's application for a successive petition and authorized this Court to consider his claim. (DE #161.)

Defendant filed the instant motion under section 2255 on June 7, 2016, setting forth one argument: he does not qualify for enhanced penalties under the ACCA because three of his predicate offenses fell within the ACCA's residual clause, and that clause has been found unconstitutional by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (June 26, 2015). The Government filed a response brief on August 19, 2016. Defendant filed a reply brief on September 15, 2016. The motion is ripe for adjudication.

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus motion pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was

3

in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Defendant's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally.

4

*Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt.'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Defendant's claim with these guidelines in mind.

The Residual Clause of the ACCA

The Supreme Court of the United States recently analyzed whether the residual clause of the ACCA is void for vagueness.

5

*Johnson v. United States*, 135 S. Ct. 2551 (2015). As Justice Scalia noted:

> Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). We must decide whether this part of the definition of a violent felony survives the Constitution's prohibition of vague criminal laws.

*Id.* at 2555. Ultimately, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. It therefore overruled its prior decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), and held that the residual clause of the definition of violent felony in the ACCA was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563.

The ACCA applies when a defendant has three convictions that constitute a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Here, this Court determined that the ACCA applied at Defendant's sentencing because Defendant had one drug offense, a burglary conviction, a criminal deviate conduct conviction, and an escape conviction. (DE #115 at 64.)

Although the Seventh Circuit found that Defendant made a prima facie showing that he may be entitled to relief under *Johnson*, his claim fails because none of the convictions relied upon fall under

6

the residual clause found unconstitutional in *Johnson*.

Defendant's conviction for distribution of LSD falls within the "serious drug offense" provision and is not implicated by *Johnson*. *See* 18 U.S.C. 924(e)(2)(A).

Analysis of Defendant's remaining three convictions requires a determination of whether the offenses are violent felonies that fall within the remaining provisions of the ACCA after the finding in *Johnson* that the residual clause is unconstitutional. Under the ACCA:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that –
>     (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>     (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. 924(e)(2)(A). Only the last clause – "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – was invalidated by *Johnson*.

### Criminal Deviate Conduct

Defendant's conviction for criminal deviate conduct does not implicate the residual clause. Defendant was convicted in 1989 of criminal deviate conduct, a class B felony, in violation of Ind. Code. § 35-42-4-2. The statute provided the following:

7

> A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when:
> (1) the other person is compelled by force or imminent threat of force;
> (2) the other person is unaware that the conduct is occurring; or
> (3) the other person is so mentally disabled or deficient that consent to the conduct cannot be given[.]

Ind. Code. § 35-42-4-2. While only a conviction under subsection one would qualify as a violent felony, examination of the state court record makes clear that Defendant was charged under that subsection. *See United States v. Taylor*, 630 F.3d 629, 633 (7th Cir. 2010)("When a statute describes multiple modes of commission, ... courts employ a 'modified categorical approach' and look to a defendant's charging documents, plea agreement, or other similar judicial record for the limited purpose of determining which part of the offense the prior conviction was for."). The jury in Defendant's case was instructed on the elements of criminal deviant conduct as both a Class A Felony and a Class B Felony. The jury was instructed that, to convict Defendant of Criminal Deviate Conduct as a Class B Felony, the jury must find beyond a reasonable doubt that Johnson:

> (1) knowingly or intentionally
> (2) caused another person to perform or submit to deviate sexual conduct
> (3) when the other person was compelled by force or imminent threat of force.

(DE #173-2 at 19). These instructions demonstrate that this Class B felony conviction falls within the "physical force" prong of 18

U.S.C. 924(e)(2)(B)(i), not the residual clause.

Burglary

Defendant's burglary conviction likewise remains a crime of violence under the ACCA following *Johnson*. Burglary is one of the four enumerated offenses listed in 18 U.S.C. § 924(e)(2)(B)(ii). The ACCA, however, refers only to the usual or "generic" versions of burglary. *Mathis v. United States*, 136 S.Ct. 2243, 2247 (2016).[1] To determine if the Defendant's burglary conviction meets the definition of burglary adopted by the ACCA, the court should "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* at 2248. According to *Mathis*:

> A crime counts as 'burglary' under the Act if its *elements* are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (i.e. the facts of the crime) fits within the generic offense's boundaries.

*Id.* (emphasis in original).

"Generic" burglary requires "an unlawful or unprivileged entry

---

[1] Defendant's motion to hold this case in abeyance was filed because Defendant hoped that the Court would postpone ruling on this matter until the Supreme Court had decided *Mathis,v. United States*, 136 S.Ct. 2243, 2247 (2016). *Mathis* was decided on June 23, 2016. Accordingly, the motion to hold the case is abeyance is now moot.

9

into ... a building or other structure, with intent to commit a crime." *Mathis*, 136 S.Ct. at 2248 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). At the time of Defendant's conviction, burglary was defined by Indiana law as "break[ing] and enter[ing] the building or structure of another person, with intent to commit a felony in it." Ind. Code § 35-43-2-1. Here, the Indiana burglary statute under which Defendant was convicted falls squarely within the ACCA's definition of burglary. Accordingly, the conviction qualified as a prior violent felony for purposes of the ACCA. This finding is consistent with Judge Philip Simon's opinion in *United States v. Steele*, Nos. 2:04CR58-PPS, 2:13CV389-PPS, 2016 WL 6563666, at *5 (N.D. Ind. Nov. 4, 2016). Judge Simon noted that:

> As the Supreme Court says in *Mathis*, when a statute sets out a single indivisible set of elements (as the parties here agree Indiana's burglary statute does), the sentencing court's task is to merely "line[] up that crime's elements alongside those of the generic offense and sees if they match." The match between the Indiana statutory definition and the generic burglary definition given in *Taylor* could not be any closer and that simple analysis ends the debate, as I see it.

*Id.* (internal citation omitted).

The Court is mindful that this conclusion is contrary to that reached by Chief Judge Theresa Springmann in *United States v. Handshoe*, No. 1:15-CR-35-TLS, 2016 WL 4453242, at *5 (N.D. Ind. August 24, 2016). Judge Springmann found, based on Indiana case

10

law interpreting a structure as including a fence, that Indiana's burglary statute is broader than the generic burglary offense defined in *Taylor* and that the offense therefore cannot serve as a predicate offense for purposes of the ACCA. With all due respect to Chief Judge Springmann, this Court finds Judge Simon's reasoning more persuasive. It is, in this Court's opinion, not necessary or appropriate to look to Indiana case law for statutory interpretation because the Indiana burglary statute matches the language of the generic burglary statute. *See Steel*, 2016 WL 6563666 at *5 ("The Indiana burglary statute contains no such additional non-generic language. If the categorical approach does not permit the sentencing court to look beyond the statutory definition of the offense, I don't see any basis for looking to state case law interpreting the dimensions of the statutory language.").

### Escape

Defendant's escape conviction does not implicate the residual clause of the ACCA either. Defendant was convicted of Class B felony escape, in violation of I.C. § 35-44-3-5. This statute makes it unlawful to intentionally flee from lawful detention, and the offense is a Class B felony "if, while committing it, the person draws or uses a deadly weapon or inflicts bodily injury on another person." I.C. § 35-44-3-5. Under Indiana law, "bodily injury"

11

means "any impairment of physical condition, including physical pain."  I.C. § 35-41-1-4 (1983), recodified in 2012 at Ind. Code 35-31.5-2-29.

The Court has defined the "physical force" necessary for purposes of the ACCA as "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133 (2010).  The force necessary must be "only that degree of force necessary to inflict pain - a slap in the face for example." *Id.* at 143.  This offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. 924(e)(2)(B)(I).  This is not a "failure to report" type offense like that at issue in *Chambers v. United States*, 555 U.S. 122 (2009)(finding that the failure to report offense, a type of escape under Illinois law, did not have "as an element the use, attempted use, or threatened use of physical force against the person of another" and instead fell within the residual clause that has now been invalidated by *Johnson*.).  The statute of conviction here includes an element of bodily injury consistent with the Court's description of the meaning of the phrase "physical force" as used in 18 U.S.C. § 924(e)(2)(B)(I).

None of the four qualifying convictions relied upon by the Court in finding Defendant was an Armed Career Criminal subject to enhanced penalties fell within the residual clause *Johnson* held to be unconstitutionally vague.  Furthermore, each conviction remains

a valid predicate offense for purposes of the ACCA. Accordingly, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Defendant has not stated any grounds for relief under section 2255. While reasonable jurists can disagree regarding this Court's analysis of Defendant's burglary conviction (as Judge Simon and Chief Judge Springmann of this Court have), that disagreement would not affect the outcome of this motion because Defendant has not three but four qualifying convictions under the ACCA. Accordingly, the Court finds no basis

for a determination that reasonable jurists would find the outcome of this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the aforementioned reasons, Defendant's section 2255 motion is **DENIED.** Further, this Court declines to issue Defendant a certificate of appealability. The motion to hold this case in abeyance is **DENIED AS MOOT.** The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Donnie Johnson, #07966-027, Pekin FCI, Federal Correction Institution, Inmate Mail/Parcels, P.O. Box 5000, Pekin, IL 61555, or to such other more current address that may be on file for the Defendant.

**DATED: March 24, 2017**         /s/ RUDY LOZANO, Judge
                                  **United States District Court**